**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ERIC SABATINI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) Case No. _____ |
| v. | ) ) JURY TRIAL DEMANDED |
| KLX ENERGY SERVICES HOLDINGS, INC., JOHN T. COLLINS, AMIN J. KHOURY, THOMAS P. MCCAFFREY, RICHARD G. HAMERMESH, BENJAMIN A. HARDESTY, STEPHEN M. WARD JR., THEODORE L. WEISE, JOHN T. WHATES, QUINTANA ENERGY SERVICES INC., KRYPTON INTERMEDIATE, LLC, and KRYPTON MERGER SUB, INC., | ) CLASS ACTION ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1.  On May 3, 2020, KLX Energy Services Holdings, Inc.'s ("KLX" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused KLX to enter into an agreement and plan of merger (the "Merger Agreement") with Quintana Energy Services Inc. ("QES"), Krypton Intermediate LLC ("Acquiror"), and Krypton Merger Sub, Inc. ("Merger Sub").

2.  Pursuant to the terms of the Merger Agreement: (i) Merger Sub will merge with and into QES, with QES surviving as a wholly-owned subsidiary of KLX; and (ii) KLX will issue

0.4844 shares of KLX common stock to shareholders of QES common stock (the "Proposed Transaction").

3. On June 2, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC"), which recommends that KLX's stockholders vote to approve, among other things, the issuance of KLX shares in connection with the Proposed Transaction.

4. As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the

owner of KLX common stock.

9. Defendant KLX is a Delaware corporation and maintains its principal executive offices at 1300 Corporate Center Way, Wellington, Florida 33414. KLX's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "KLXE."

10. Defendant John T. Collins is Chairman of the Board of the Company.

11. Defendant Amin J. Khoury is a director of the Company.

12. Defendant Thomas P. McCaffrey is President, Chief Executive Officer, Chief Financial Officer, and a director of the Company.

13. Defendant Richard G. Hamermesh is a director of the Company.

14. Defendant Benjamin A. Hardesty is a director of the Company.

15. Defendant Stephen M. Ward Jr. is a director of the Company.

16. Defendant Theodore L. Weise is a director of the Company.

17. Defendant John T. Whates is a director of the Company.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant QES is a Delaware corporation and a party to the Merger Agreement.

20. Defendant Acquiror is a Delaware limited liability company, an indirect, wholly-owned subsidiary of KLX, and a party to the Merger Agreement.

21. Defendant Merger Sub is a Delaware corporation, an indirect, wholly-owned subsidiary of KLX, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of KLX (the "Class"). Excluded from the Class are defendants herein and any person,

firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of April 30, 2020, there were approximately 25,287,186 shares of KLX common stock issued and outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## **SUBSTANTIVE ALLEGATIONS**

*Background of KLX and the Proposed Transaction*

29. KLX is a leading U.S. onshore provider of mission critical oilfield services focused on completion, intervention, and production activities for the most technically demanding wells.

30. KLX's experienced and technically skilled personnel are supported by a broad portfolio of specialized tools and equipment, including innovative proprietary tools developed by KLX's in-house research and development team.

31. On May 3, 2020, the Board caused KLX to enter into the Merger Agreement.

32. Pursuant to the terms of the Merger Agreement: (i) Merger Sub will merge with and into QES, with QES surviving as a wholly-owned subsidiary of KLX; and (ii) KLX will issue 0.4844 shares of KLX common stock to shareholders of QES common stock.

33. According to the press release announcing the Proposed Transaction:

> KLX Energy Services Holdings, Inc. ("KLXE") (NASDAQ: KLXE) and Quintana Energy Services, Inc. ("QES") (NYSE: QES) today announced that they have entered into a definitive agreement whereby the companies will combine in an all-stock merger transaction. The combined company will have an industry-leading, asset-light product and service offering present in all major US onshore oil and gas basins, with more than $1 billion of pro forma fiscal year 2019 revenue and approximately $106 million in fiscal year 2019 adjusted EBITDA, excluding an estimated $40 million of annualized cost synergies and a strong liquidity profile with approximately $118 million of cash and a $100 million revolving credit facility.
>
> Under the terms of the Merger Agreement, which has been unanimously approved by the Boards of Directors of both companies, QES shareholders will receive 0.4844 shares of KLXE common stock for each share of QES common stock (the "Exchange Ratio"). Upon closing, KLXE and QES shareholders will, respectively, own approximately 59% and 41% of the equity of the combined company on a fully diluted basis. The combined company will retain the KLX Energy Services corporate name, the listing will remain on Nasdaq under the ticker "KLXE" and the corporate headquarters will be moved to Houston, Texas. . . .

Leadership, Governance and Headquarters

Both KLXE and QES contribute highly experienced management teams with a significant track record of success. Chris Baker, President and CEO of QES, will be President and CEO. Tom McCaffrey, President and CEO of KLXE, will be a member of the Board of Directors of the combined company and will be Chairman the Integration Committee of the Board. Keefer Lehner, EVP and Chief Financial Officer of QES, will be EVP and Chief Financial Officer.

Upon closing of the transaction, the combined company's Board of Directors will consist of nine directors, five of whom will be from the legacy KLXE Board, including John Collins as Chairman, and four of whom will be from the legacy QES Board.

The combined company's corporate headquarters will be moved to Houston, Texas.

Approvals and Closing

The transaction has been unanimously approved by the Boards of Directors of both KLXE and QES. The merger is expected to close in the second half of 2020, following KLXE and QES shareholder approval and satisfaction of other customary closing conditions.

Archer Well Company Inc., Quintana Capital Group, L.P., Geveran Investments Limited and Robertson QES Investment LLC own approximately 75 percent of the outstanding shares of QES and have entered into a voting and support agreement to vote their shares in favor of the transaction.

Advisors

Goldman Sachs & Co. LLC served as exclusive financial advisor to KLXE and Freshfields Bruckhaus Deringer US LLP served as legal counsel.

Tudor, Pickering, Holt & Co. served as exclusive financial advisor to QES and Skadden, Arps, Slate, Meagher, & Flom LLP served as legal counsel.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

34.     Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

35.     As set forth below, the Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and

6

misleading.

36. First, the Registration Statement omits material information regarding the Company's and QES's financial projections.

37. With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA, (b) Levered Free Cash Flow, (c) Adjusted Operating Earnings/Loss, and (d) Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

38. With respect to QES's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) Adjusted EBITDA and (b) Levered Free Cash Flow; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

39. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

40. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Goldman Sachs & Co. LLC ("Goldman").

41. With respect to Goldman's Illustrative Discounted Cash Flow Analysis of the Company, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 12.0% to 15.0% and the perpetuity growth rates ranging from 2.0% to 4.0%; (ii) the estimates of unlevered free cash flow for KLX for the years 2020 to 2023 as used by Goldman in the analysis and all underlying line items; (iii) the terminal values for the Company; (iv) the estimated value of the Company's future tax benefits; (v) the Company's

net debt; and (vi) the number of fully diluted outstanding Company shares.

42.     With respect to Goldman's Illustrative Discounted Cash Flow Analysis of the pro forma company, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 12.0% to 15.0% and the perpetuity growth rates ranging from 2.0% to 4.0%; (ii) the estimates of unlevered free cash flow for the combined company for the years 2020 to 2023 as used by Goldman in the analysis and all underlying line items; (iii) the synergies used in the analysis; (iv) the terminal values for the combined company; (v) the estimated value of the Company's future tax benefits; (vi) the combined company's net debt; and (vii) the number of fully diluted pro forma company shares.

43.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

44.     Third, the Registration Statement fails to disclose whether Goldman has performed past services for QES or its affiliates, as well as the timing and nature of such services and the amount of compensation received by Goldman for providing such services.

45.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

46.     The omission of the above-referenced material information renders the Registration Statement false and misleading, including, *inter alia*, the following sections of the Registration Statement: (i) Background of the Merger; (ii) Recommendation of the KLXE Board and Reasons for the Merger; (iii) Opinion of KLXE's Financial Advisor; and (iv) Certain Unaudited Prospective Financial and Operating Information.

47. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and KLX

48. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. KLX is liable as the issuer of these statements.

50. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within KLX, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

51. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

52. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

53. The Registration Statement is an essential link in causing plaintiff and KLX's stockholders to approve the Proposed Transaction.

54. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

55. Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against QES, Acquiror, and Merger Sub

56. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57. The Individual Defendants, QES, Acquiror, and Merger Sub acted as controlling persons of KLX within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of KLX and participation in and/or awareness of KLX's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of KLX, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

58. Each of the Individual Defendants, QES, Acquiror, and Merger Sub was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

59. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of KLX, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making

of the Registration Statement.

60. QES, Acquiror, and Merger Sub also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

61. By virtue of the foregoing, the Individual Defendants, QES, Acquiror, and Merger Sub violated Section 20(a) of the 1934 Act.

62. As set forth above, the Individual Defendants, QES, Acquiror, and Merger Sub had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 9, 2020

**RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 1220
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com